UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
PORTLAND MAINE
RECEIVED AND FILED

2013 APR 16 A 9 38

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>OTTO DANIEL )<br>MORALES-CABALLEROS, a/k/a )<br>GIRARDO MORALES ) | Case No. 2:13-mj-48-JHR |

## CRIMINAL COMPLAINT

I, James O. Bell, being duly sworn, state that the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

On about August 26, 2009, in the District of Maine, the defendant,

**OTTO DANIEL MORALES-CABALLEROS, a/k/a GIRARDO MORALES,**

knowingly used an identification document, that is a Resident Alien card bearing A Number xxx-xxx-442 and the name Girardo Morales, knowing and having reason to know that this Resident Alien card was not issued lawfully for his use, in order to satisfy a requirement of Section 274A(b) of the Immigration and Nationality Act, which is found at Title 8, United States Code, Section 1324a(b), that is by presenting this document to Employment on Demand Staffing as evidence of employment eligibility.

In violation of Title 18, United States Code, Section 1546(b)(1).

### COUNT TWO

On about September 20, 2012, in the District of Maine, the defendant,

1

**OTTO DANIEL MORALES-CABALLEROS, a/k/a GIRARDO MORALES,**

knowingly used an identification document, that is a Resident Alien card bearing A Number xxx-xxx-442 and the name Girardo Morales, knowing and having reason to know that this Resident Alien card was not issued lawfully for his use, in order to satisfy a requirement of Section 274A(b) of the Immigration and Nationality Act, which is found at Title 8, United States Code, Section 1324a(b), that is by presenting this document to Labor to Labor as evidence of employment eligibility.

In violation of Title 18, United States Code, Section 1546(b)(1).

## COUNT THREE

On about August 26, 2009, in the District of Maine, the defendant,

**OTTO DANIEL MORALES-CABALLEROS, a/k/a GIRARDO MORALES,**

for the purpose of securing employment with Employment on Demand Staffing, knowingly, and with the intent to deceive, falsely represented that his social security number was xxx-xx-8134. In fact, as defendant well knew, social security number xxx-xx-8134 was not a social security number validly assigned to him.

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT FOUR

On about September 20, 2012, in the District of Maine, the defendant,

**OTTO DANIEL MORALES-CABALLEROS, a/k/a GIRARDO MORALES,**

for the purpose of securing employment with Labor to Labor, knowingly, and with the intent to deceive, falsely represented that his social security number was xxx-xx-8134. In fact, as defendant well knew, social security number xxx-xx-8134 was not a social security number validly assigned to him.

In violation of Title 42, United States Code, Section 408(a)(7)(B).

I further state that I am a Special Agent with the United States Immigration and Customs Enforcement (ICE) and that this complaint is based on the facts contained in the attached Affidavit, which is incorporated by reference herein.

Dated at Portland, Maine this 16th day of April, 2013.

_____
James O. Bell
Special Agent
United States Customs and Immigration Enforcement
U.S. Dept of Homeland Security

Sworn to and subscribed before me on this 16th day of April, 2013.

_____
John H. Rich III
United States Magistrate Judge

3

Case 2:13-cr-00135-NT Document 1 Filed 04/16/13 Page 4 of 9 PageID #: 4

2:13-mj-48-JHR

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2013 APR 16 A 9:38

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James O. Bell, having been duly sworn, state as follows:

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS) Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), formerly the Immigration and Naturalization Service (INS), and have been so employed since September 2002. I am a September 2003 graduate of the Criminal Investigator Training Program offered at the Federal Law Enforcement Training Center. Beginning in June of 1999, I worked at the Portland, Maine District Office of INS as a Detention Enforcement Officer. During that time, I interacted almost daily with aliens not lawfully present in the United States. My responsibilities as a SA with HSI include a wide variety of both administrative and criminal investigations of matters within the jurisdiction of HSI, including investigations involving marriage fraud, document fraud, criminally convicted aliens, work-site enforcement cases and routine matters involving aliens not lawfully present in the United States.

2. I am submitting this affidavit in support of the issuance of a criminal complaint charging Otto Daniel Morales-Caballeros, a/k/a Girardo Morales, with employment verification fraud, in violation of 18 U.S.C. § 1546(b)(2), and social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B).

3. The information contained in this Affidavit is based upon my review of HSI records and my conversations with other law enforcement officers involved in this investigation, including HSI Special Agent David Pawson.

## BACKGROUND INFORMATION

4. Based on my training and experience, I know that under federal law, before beginning to work in the United States, every prospective employee must complete a Form I-9,

Employment Eligibility Verification Form. Section 1 of a Form I-9 elicits information from the employee. The employee's name, address, date of birth and social security number are required. Additionally, the employee must sign Section 1 and attest under penalty of perjury that the employee is either a citizen or national of the United States, a lawful permanent resident, or an alien authorized to work in the United States. If the employee checks that he or she is a lawful permanent resident or an alien authorized to work, an Alien Number ("A Number") or Admission number must be provided by the employee.

5. An employee is also required to present documents to his or her employer verifying the employee's identity and eligibility to work in the United States. The employer is required to examine the employee's documents and indicate which documents are being relied upon to determine eligibility to work. The employer is also required to certify that the employer has examined the documents presented by the employee and that they appear to be genuine. The employer is to sign and date the Form I-9 and provide identifying information. Employers are required by law to retain the Form I-9 for three years after the date the person begins to work or one year after the person's employment is terminated, whichever is later.

6. The requirements of the employment eligibility verification process described above are set out in section 274A(b) of the Immigration and Nationality Act, which is found at Title 8, United States Code, Section 1324a(b).

7. I have learned through numerous investigations that it is not uncommon for individuals who are not present legally in the United States to purchase counterfeit documents, usually an I-551 (Permanent Resident or Resident Alien) card and a Social Security card. The I-551 card contains the name of the alien, date of birth, the A Number assigned to the alien, an expiration date, a photograph of the alien and a fingerprint belonging to the alien. The I-551 card

bears the alien's signature and is laminated. A Social Security card contains the social security number assigned to the alien [one of them], the alien's name and the alien's signature. These documents are often then presented to an employer to establish identity and eligibility for employment.

## RESULTS OF INVESTIGATION

8. On April 8, 2013, Deportation Office (DO) Mark Sutton interviewed Michael Smith, Otto Morales-Caballeros' neighbor at 44 Rosewood Road in Casco, Maine. Smith stated the following: Morales-Caballeros works at Sea Salt Lobster Processing Company in Saco, Maine. Smith is aware of Morales-Caballeros' place of employment because Smith and Morales-Caballeros are acquaintances and Smith has driven Morales-Caballeros to work on occasion.

9. Later that day, DO Sutton met with Sea Salt management who informed DO Sutton that Morales-Caballeros was scheduled to work on April 9, 2013 at 7:00 a.m.

10. On April 9, 2013, at approximately 7:30 a.m., Otto Daniel Morales-Caballeros was arrested during and Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) fugitive operation as Morales-Caballeros previously had been issued a Warrant of Removal from the United States. Deportation Officer (DO) Mark Sutton conducted the investigation to locate Morales-Caballeros

11. During immigration processing procedures, Morales-Caballeros informed DO Sutton that he obtained employment at Sea Salt through Employment on Demand Agency Staffing Company in Saco, Maine with identity documents that Morales-Caballeros purports to have obtained in Michigan. Morales-Caballeros had been employed under the alias, Girardo Morales.

12. HSI SA David Pawson reviewed copies of employment eligibility documents that were seized during a 2012 search warrant executed at EDA Staffing, located at 371 Forest

3

Avenue in Portland, Maine. These records include several documents pertaining to the hiring and employment of an individual using the name Girardo R. Morales. Specifically the records include an employment application, Form I-9, Employee's Withholding Allowance Certificate (Form W-4), a photocopy of a Social Security card displaying the number xxx-xx-8134 in the name of Girardo Morales, and photocopies of two Resident Alien cards bearing A Number xxx-xxx-442 in the name of Girardo Morales. One card contains an expiration date of December 11, 2009, and the second card contains an expiration date of February 7, 2014.

13. The Form I-9, dated August 26, 2009, lists Girardo Morales as having social security number xxx-xx-8134 and A Number xxx-xxx-442. The form also lists the documents that were provided to establish Morales's identity and employment eligibility. Namely, a Resident Alien card bearing the A Number xxx-xxx-442 and current expiration date of February 7, 2014, and a Social Security card bearing the number xxx-xx-8134. The form is signed in the name of Gir**aldo** Morales (emphasis added), which is noteworthy as the documents indicate the individual's first name is Gir**ardo** (emphasis added).

14. HSI SA David Pawson conducted computer checks of the Alien Registration Number xxx-xxx-442 and discovered the number is not assigned to Girardo Morales or Otto Daniel Morales-Caballeros. Social Security Administration (SSA) SA Julie Constant confirmed that the social security number xxx-xx-8134 is not assigned to any person.

15. On April 10, 2013, HSI SA David Pawson spoke with Matt, the manager of the Sea Salt Lobster Company located at 64 Industrial Park Road in Saco, Maine. Matt informed SA Pawson that Otto a/k/a Girardo Morales initially became employed with the company through EDA Staffing in Portland, Maine. When EDA Staffing closed its office in Portland, however, Maine Sea Salt Lobster Company began using the staffing services of Labor to Labor Staffing

4

Company located at 249 St. John Street in Portland, Maine. Matt further informed me that Sea Salt Lobster Company pays Otto a/k/a Girardo Morales through Labor to Labor Staffing Company.

16. On April 10, 2013, HSI SA David Pawson met with Duc Ngoc Ho, the owner of Labor to Labor Staffing located at 249 St. John Street Suite 3 in Portland, Maine. SA Pawson presented a photograph of Morales-Caballeros to Mr. Ho who recognized Morales-Caballeros as a laborer working through Labor to Labor. Mr. Ho believed Morales-Caballeros worked at Sea Salt Lobster Company, and later confirmed that he so did. SA Pawson requested Mr. Ho provided the employment application and supporting documents obtained from Morales-Caballeros at the beginning of Morales-Caballeros' employment with Labor to Labor.

17. Mr. Ho provided an application for employment in the name of Girardo Morales displaying social security number xxx-xx-8134. The application is dated September 20, 2012. Mr. Ho also provided the original W-4 in the name of Girardo Morales displaying social security number xxx-xx-8134 and dated September 20, 2013, and an original I-9 in the name of Girardo Morales displaying Alien Registration Number xx-xxx-442 dated September 20, 2013. The I-9 also denotes that Girado Morales is a citizen of the United States. There is no verification of identification documents by Labor to Labor Staffing. Mr. Ho also provided copies a Lawful Resident Card in the name of Girardo Morales displaying Alien Registration Number xxx-xxx-442 and social security number xxx-xx-8134 in the name of Girardo Morales.

## CONCLUSION

Based on the above facts, I respectfully submit that probable cause exists to believe that on about August 26, 2009, and again on September 20, 2012, Otto Daniel Morales-Caballeros a/k/a Girardo Morales, used false identification documents, namely two Resident Alien Cards

bearing the number xxx-xxx-442 and the name Girardo Morales, that he knew or had reason to know were false, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act, in violation of 18 U.S.C. § 1546(b). I further submit that on the same dates, Morales-Caballeros, with intent to deceive, falsely represented that Social Security number xxx-xx-8134 was assigned to him, in violation of 42 U.S.C. § 408(a)(7)(B). I respectfully request that the Court issue a criminal complaint charging Morales-Caballeros with these offenses.

_____
Special Agent James O. Bell
Homeland Security Investigations

Sworn to before me and subscribed in my presence this 16th day of April, 2013.

_____
John H. Rich III
United States Magistrate Judge

6